UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISSE HENDERSON, | Case No. 1:25-cv-01316-KES-CDB |
| Plaintiff, | ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES |
| v. | |
| MICHAEL D. SMOTHERS, *et al.*, | |
| Defendants. | (Doc. 29) |
| | **MARCH 30, 2026 DEADLINE** |

**Relevant Background**

Plaintiff Parrisse Henderson ("Plaintiff") initiated this action in state court with the filing of a complaint on May 19, 2025, and a first amended complaint on May 30, 2025, against Defendants Michael D. Smothers,[1] Lazar Freight, LLC ("Lazar"), Volkswagen Group of America, Inc.,[2] and US Kymo, Inc. ("Kymo") (collectively, "Defendants") before Defendant Lazar removed the case to this Court on October 3, 2025. (Doc. 1). The Court entered the operative scheduling order on January 21, 2026, setting forth discovery, motion and pretrial and trial dates and

[1] On February 3, 2026, Plaintiff filed a notice of suggestion of death upon the record as to Defendant Michael D. Smothers. (Doc. 23). The deadline for Plaintiff to file any motion for substitution by the Decedent's successor or representative remains May 4, 2026. *See* Fed. R. Civ. P. 25(a).

[2] On February 5, 2026, Defendant Volkswagen Group of America was dismissed with prejudice pursuant to a stipulation of dismissal filed by Plaintiff and Defendant Volkswagen Group of America. (Docs. 24, 25).

deadlines.  (Doc. 19).  On January 26, 2026, the Clerk of the Court entered default as to Defendant Kymo.  (Doc. 22).

On March 11, 2026, non-party Sentry Insurance Company ("Sentry") filed the pending motion to intervene and to set aside entry of default as to Defendant Kymo.  (Doc. 29).  Plaintiff failed to file an opposition or statement of non-opposition as required under the Local Rules.  *See* Local Rule 230.

**<u>Order to Show Cause</u>**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, Local Rule 230 states in relevant part: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.  A responding party who has no opposition to the granting of the motion *shall serve and file* a statement to that effect, specifically designating the motion in question."  Local Rule 230(c) (emphasis added).

Here, Plaintiff's opposition or statement of non-opposition was due on or before March 25, 2026 (*see* Fed. R. Civ. P. 6(d)).  Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed.  Because Plaintiff's conduct violates Local Rule 230, the undersigned will order Plaintiff to show cause in writing why

sanctions should not issue for violation of the Local Rules.  Plaintiff will be permitted to comply with this order in the alternative by filing an opposition or statement of non-opposition to granting Defendant's motion.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The Court **ORDERS** Plaintiff to show cause in writing **no later than March 30, 2026**, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion to intervene and set aside entry of default filed on March 11, 2026 (Doc. 29).

2. **Any failure by Plaintiff to timely respond to this Order may result in the imposition of sanctions, including a recommendation that this action be dismissed for a failure to obey the Local Rules, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated: __**March 26, 2026**__                    _____

UNITED STATES MAGISTRATE JUDGE