UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISSE HENDERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>LAZAR FREIGHT, LLC, *et al.*,<br><br>          Defendants. | Case No.  1:25-cv-01316-JLT-CDB<br><br>ORDER GRANTING NON-PARTY SENTRY INSURANCE COMPANY'S MOTION TO INTEVENE AND SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT US KYMO, INC.<br><br>(Doc. 29)<br><br>ORDER TERMINATING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST US KYMO, INC.<br><br>(Doc. 27)<br><br><u>Clerk of the Court to File Operative Answer</u> |

Pending before the Court is the motion of nonparty Sentry Insurance Company ("Sentry") to intervene and set aside entry of default as to Defendant US Kymo, Inc. ("Kymo"), filed on March 11, 2026.  (Doc. 29).  Plaintiff Parrisse Henderson ("Plaintiff") filed an opposition on March 30, 2026, and Sentry filed a reply on April 8, 2026.  (Docs. 35, 38).  On April 6, 2026, the Court deemed the motion suitable for disposition without hearing or oral argument and vacated the motion hearing set for April 20, 2026.  (Doc. 37) (citing Local Rule 230(g)).  For the reasons set forth herein, the Court will grant Sentry's motion to intervene and set aside entry of default as to Kymo and direct the Clerk of the Court to terminate as moot Plaintiff's motion for default judgment as to Kymo.

1

## I.    Relevant Background

Plaintiff initiated this action in state court with the filing of a complaint on May 19, 2025, and a first amended complaint ("FAC") on May 30, 2025, against Defendants Michael D. Smothers,[1] Lazar Freight, LLC ("Lazar"), Volkswagen Group of America, Inc. ("Volkswagen"), and Kymo (collectively, "Defendants") before Lazar removed the case to this Court on October 3, 2025. (Doc. 1).  On October 9, 2025, Lazar filed an amended notice of removal.  (Doc. 4).

On January 26, 2026, the Clerk of the Court entered default as to Kymo.  (Doc. 22).  On February 25, 2026, Plaintiff filed the pending motion for default judgment against Kymo.  (Doc. 27).  The Court entered the operative scheduling order on January 21, 2026, setting forth discovery, motion and pretrial and trial dates and deadlines.  (Doc. 19).

In the FAC, Plaintiff asserts causes of action for motor vehicle negligence, general negligence, and products liability.  (Doc. 1 at 2, 10-13).  Plaintiff seeks damages arising from a motor vehicle accident on June 7, 2023, alleging that Plaintiff's vehicle, manufactured by Volkswagen, malfunctioned and stalled on the highway leading to a rear-end collision by Defendant Smothers who was operating a vehicle owned by Lazar and Kymo while working in the course and scope of his employment for Lazar and Kymo.  *Id.* at 2 ¶ 4; *see id.* at 12.

## II.    Governing Authority

### A.    Intervention

A nonparty may move to intervene in a lawsuit under Federal Rule of Procedure 24.  Fed. R. Civ. P. 24.  Rule 24 permits two types of intervention: (1) intervention as of right and (2) permissive intervention. *See* Fed. R. Civ. P. 24(a), (b).  "An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: '(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the

---

[1] On February 3, 2026, Plaintiff filed a notice of suggestion of death upon the record as to Defendant Michael D. Smothers.  (Doc. 23).  The deadline for Plaintiff to file any motion for substitution by the Decedent's successor or representative was May 4, 2026.  *See* Fed. R. Civ. P. 25(a).  On May 5, 2026, Plaintiff filed a renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Decedent Smothers (Doc. 43), which remains pending before the Court.

property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Prete*, 438 F.3d at 954. "Failure to satisfy any one of the requirements is fatal to the application[.]" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citing *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986)).

### B.    Setting Aside Entry of Default

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id*. at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

///

///

3

**III.**    **<u>Discussion</u>**

**A.**    **Intervention**

Sentry, as Kymo's insurer, moves the Court for leave to intervene pursuant to Rule 24(a)(2) to defend its insured, Kymo, and set aside the Clerk's entry of default against Kymo pursuant to Rule 55(c).  (Doc. 29 at 1).  The Court first addresses Sentry's motion to intervene.

1.    *Timeliness*

Three factors guide whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of [any] delay."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  "Delays are measured from the time when a proposed intervenor 'should have been aware that [its] interests would not be adequately protected by the existing parties.'"  *In re Williams Sport Rentals, Inc.*, No. 2:17-cv-00653-KJM-JDP, 2023 WL 3344092, at *3 (E.D. Cal. May 9, 2023) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

The Court finds that Sentry's motion to intervene was timely filed. First, Sentry moved to intervene after this case was scheduled on January 21, 2026, and about five weeks after the Clerk entered default as to Kymo on January 26, 2026. (Docs. 19, 22, 29).  Discovery is underway with fact discovery to close in September 2026, and dispositive motions are due in January 2027. Under the circumstances, Sentry filed its motion at an early stage of the proceedings, and therefore allowing Sentry to intervene would not unduly prejudice other parties.  *Citizens for Balanced Use*, 647 F.3d at 897 ("The motion to intervene was made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings. These are traditional features of a timely motion.").  Additionally, following the default entered against Kymo, Sentry met and conferred with counsel for Plaintiff regarding the intervention and took efforts to locate counsel for Kymo.  Though unsuccessful, these efforts demonstrate that any delay in Sentry's motion is justified, and Kymo's absence in this action demonstrates that Sentry's interests, as Kymo's insurer, would not be adequately protected in this action. Therefore, Sentry's motion to intervene is timely.

2.      *Significant Protectable Interest and Practical Impairment of that Interest*

"'Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balanced Use*, 647 F.3d at 897 (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.*

Here, Sentry has demonstrated it has a significant protectable interest in this action as Kymo's insurer. Sentry has shown that it may face liability under Cal. Ins. Code § 11580 "which allows a judgment creditor to pursue the insurer directly" and under Ninth Circuit authority, "this potential exposure gives an insurer a legally protectable interest sufficient to support intervention under Rule 24." (Doc. 29-1 at 3) (citing *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1090-91 (9th Cir. 2022)); *see Jim Dobbas*, 54 F.4th at 1092 ("[U]nder the California direct action statute, a[n] insurer that seeks to timely intervene in a tort action for the stated purpose of defending its insured that is either unwilling or incapable of defending itself has a protectable interest for purposes of Rule 24(a)(2), no matter what position, if any, the insurer has taken as to coverage."). Therefore, this factor weighs in favor of Sentry's motion.

3.      *Inadequacy of Representation*

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). The Court examines "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (quoting *Arakaki*, 324 F.3d at 1086).

Here, "the disposition of this action may, as a practical matter, impair or impede [Sentry's] ability to protect their interest." *Id.* Sentry is not represented because Kymo has not

appeared and cannot be located despite counsel for Sentry's efforts such that the Court finds Kymo cannot participate in this action.  *See* (Doc. 29-2, Declaration of Matthew Behboud ("Behboud Decl.") ¶¶ 6-13).  Sentry is willing to make the necessary arguments on behalf of its interests and the interests of Kymo as Kymo's insurer.  Therefore, the Court finds that the inadequate representation element is satisfied.  *See In re Williams Sport Rentals, Inc.*, 2023 WL 3344092, at *4.

### B.    Setting Aside Entry of Default as to Kymo

The Court addresses the *Mesle* factors below.

#### 1.    *Culpable Conduct*

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds as stated in Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)).  "Intentional" conduct in this sense means "willful, deliberate, or…[in] bad faith," rather than neglectful.  *TCI Grp.*, 244 F.3d at 697-98.  A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'"  *Id*. at 697.

Here, the Court does not find that Kymo's conduct in failing to answer was due to intentional or bad faith.  Sentry took efforts to locate representatives for Kymo the day after it learned that its insured had defaulted and quickly moved to participate in this action on behalf of its insured.  *See* Behboud Decl. ¶¶ 6-13.  Given the circumstances, the Court cannot conclude that any delay here was willful or in bad faith as Kymo's insurer Sentry promptly took action to set aside the default of its insured.  *See Williams v. Dawley*, No. 09-799 FCD-EFB, 2008 WL 3540360, at *2 (E.D. Cal. Aug. 12, 2008) (holding parties' diligence in working to set aside default supported a finding of good cause).  Accordingly, the Court finds this factor weighs in favor of setting aside the entry of default.

///

2.    *Meritorious Defense*

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on a defendant is not extraordinarily heavy. *Id.* Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("*Stone*"); *see Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage.") (citing *TCI Grp.*, 244 F.3d at 700).

Sentry contends that Kymo has "several defenses to Plaintiff's claims" including to Plaintiff's allegation that Defendant Smothers was "acting as an employee or agent of [Kymo]." (Doc. 29-1 at 4). Sentry argues that Kymo's involvement was limited to leasing equipment to Lazar and that Kymo did not supervise or control Smother's conduct as a driver such that "[t]hese facts defeat Plaintiff's theory of vicarious liability against [Kymo]." *Id.* Sentry asserts that Kymo has other defenses under California Vehicle Code section 17151, a statute limiting the liability of a non-operating vehicle owner, such that Plaintiff's "request for default judgment in excess of $1 million is improper under California law" and also under federal law that "bars Plaintiff's vicarious liability claim against [Kymo] altogether." *Id.* at 5-6; *see* (Doc. 29-2 at 7-16, Intervenor Sentry's proposed answer-in-intervention on behalf of Kymo to Plaintiff's FAC ("Ex. B") ¶¶ 49, 50).

Sentry's proposed answer denies the allegations of Plaintiff's FAC and contains 27 affirmative defenses, including for failure to state a claim, no legal duty, intervening cause, under the Graves Amendment (49 U.S.C. § 30106), and for statutory limitation on owner liability (Cal. Veh. Code §§ 17150-17151). *See* Ex. B.

Here, Sentry sufficiently shows Kymo has a meritorious defense in this action. For example, Sentry has shown that Kymo may argue that its involvement was limited to leasing equipment to Lazar, that it did not employ or supervise Defendant Smothers, and that Plaintiff's

7

claims against Kymo may be limited under both state and federal law.  Given the low burden a party must satisfy to demonstrate entitlement to setting aside default (*Stone*, 794 F.2d at 513) and given the several affirmative defenses asserted in Sentry's proposed answer-in-intervention to Plaintiff's FAC on behalf of Kymo, the Court finds that this factor weighs in favor of setting aside the entry of default.

### 3.    *Prejudice*

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default. *TCI Grp.*, 244 F.3d at 701.  Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Here, the Court finds that Plaintiff will not be prejudiced by setting aside the default as to Kymo.  As noted above, this action in an early stage of the proceedings at the beginning stages of discovery, and Sentry has promptly sought to intervene and participate in this action after it learned its insured had defaulted.  *See In re Williams Sports Rentals, Inc.*, 2023 WL 3344092, at *3 ("[T]he court does not find the five-year delay in Petrich's seeking to set aside the entry of default prejudicial.").  Additionally, Plaintiff has not shown any delay of this action is unjustified due to the prospect of any loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion such that the Court should not set aside Kymo's default.  "Having to try a case on the merits is not by itself sufficient prejudice" - the delay must result in tangible harm, such as loss of evidence or more difficult discovery.  *Audio Toys*, 2007 WL 1655793, at *3.  Indeed, the Court notes that fact discovery is open until September 4, 2026—for almost four months from the date of this order.  Should the parties require additional time, the parties are welcome to meet and confer to discuss filing a joint stipulated request for an extension of the current case management dates.  In sum, the Court finds that this factor weighs in favor of

setting aside the entry of default.

* * * * *

For the reasons above, the Court finds that the factors under *Citizens for Balanced Use* weigh in favor of Sentry's motion to intervene. And on balance, given the disfavor generally accorded to resolving actions on default and given that the *Mesle* factors weigh in Kymo's favor, the Court finds that default should be set aside. As such, Plaintiff's motion for default judgment (Doc. 27) will be terminated as moot.

## IV.    Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. Nonparty Sentry Insurance Company's motion to intervene and set aside entry of default as to Defendant US Kymo, Inc. (Doc. 29) is GRANTED;

2. The Clerk of the Court is DIRECTED to add Intervenor Sentry Insurance Company as a party to this action;

3. The Clerk of the Court is DIRECTED to file Intervenor Sentry Insurance Company's proposed answer-in-intervention on behalf of US Kymo, Inc. to Plaintiff's FAC (Doc. 29-2 at 7-16 ("Ex. B")) on the docket as Sentry's operative responsive pleading; and

4. The Clerk of the Court is DIRECTED to TERMINATE Plaintiff's motion for default judgment as to US Kymo, Inc. (Doc. 27) as MOOT.

IT IS SO ORDERED.

Dated:   **May 11, 2026**                      _____

UNITED STATES MAGISTRATE JUDGE

9