UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARRISSE HENDERSON,

Plaintiff,

v.

LAZAR FREIGHT, LLC, *et al*.,

Defendants.

Case No.  1:25-cv-01316-JLT-CDB

ORDER RE: REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE

(Doc. 48)

Currently before the Court is a discovery dispute that Plaintiff Parrisse Henderson ("Plaintiff") and Defendant Lazar Freight, LLC ("Defendant") have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

This action involves Plaintiff's claims against Defendant and others for negligence and products liability arising from a motor vehicle accident on June 7, 2023.  The parties are familiar with the procedural and factual background of the case, which the Court has summarized in other orders (*see, e.g*., Doc. 46) and incorporates here.

Following their filing of a joint letter brief at the Court's direction (Docs. 45, 48), on May 19, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery disputes.  (Doc. 50).  Attorney Zarif Kazi appeared on behalf of Plaintiff; attorney Matthew Behboud appeared on behalf of Defendant.  At the beginning of the conference, the parties

1

agreed to the Court's resolution of the identified discovery disputes on the current record in lieu of motion to compel proceedings under Local Rule 251, preserving only their recourse to seek review of the undersigned's anticipated order by the presiding district judge pursuant to Fed. R. Civ. P. 72(a).

**Discussion**

As set forth in their joint letter brief (Doc. 48), the parties have narrowed substantially the discovery dispute at issue and the Court acknowledges and expresses its appreciation for counsels' courtesy and professionalism.  What remains is whether and the extent to which the Court should attach temporal limitations on Defendant's subpoenas to certain of Plaintiff's medical providers directing production of records narrowed to certain of Plaintiff's body parts and conditions that are at issue in the action.  Plaintiff seeks for the subpoenas to be limited to a production of records no older than 10 years prior to the allegedly negligent event at issue in the case (June 7, 2023).  Defendant maintains that no temporal limitations should be imposed.

"The relevant time period for discovery must be determined on a case-by-case basis. There is no rule that discovery be constrained to a particular time period beyond the general standard under Rule 26(b)(1) requiring that discovery be relevant and proportionate." *In re Social Media Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2024 WL 3488659, at *5 (N.D. Cal. June 20, 2024) (quotation marks and citation omitted).  Courts commonly impose temporal limitations on discovery demands to properly balance the relevance and proportionality prerequisites under Rule 26.  *E.g., Carlson v. Colorado Ctr. For Reproductive Med.*, LLC, 341 F.R.D. 266, 283 (D. Co. 2022); *Sartin v. Exxon Mobil Corp.*, No. 22-603-JWD-RLB, 2023 WL 4836662, at *6 (M.D. La. July 27, 2023); *Flouke v. Jacksonville Sheriff's Office*, No. 3:05-cv-473-J-25MCR, 2005 WL 8159710, at *2 (M.D. Fla. Dec. 16, 2005).  Under some circumstances, however, temporal limitations on discovery demands may not be warranted.  *E.g., Bell v. U.S. Dep't of Interior*, No. 2:12–cv–01414 TLN JFM (PS), 2013 WL 4482907, at *7 (E.D. Cal. Aug. 19, 2013) ("plaintiff argues that defendants' discovery requests should be limited to two different claimed time periods. However, in her operative first amended complaint, plaintiff seeks damages for exasperated [*sic*] preexisting conditions and for future medical bills which would indicate a broad

2

range. Therefore, the court finds a limited date range is not reasonable, given plaintiff's allegations") (internal footnote and reference omitted).

During the discovery dispute conference, counsel for Plaintiff agreed that it would be reasonable to permit Defendant to seek discovery beyond the 10-year date Plaintiff proposes if nonparty documents produced in response to Defendant's subpoenas reflected the possible existence of any relevant medical condition prior to that 10-year date.  Although counsel for Defendant maintained that no temporal limitation should be imposed in connection with the subpoenas, he agreed that the procedure proposed by Plaintiff constituted a reasonable compromise.

Having balanced the relevant factors, including Plaintiff's privacy interests[1] and Defendant's need for discovery of Plaintiff's preexisting medical conditions that may inform the proximate causation analysis implicated in Plaintiff's claims, and for the reasons set forth and preserved on the record and herein, the Court finds that a temporal limitation on Defendant's subpoenas is warranted.  Although the Court cannot rule out that medical records documenting Plaintiff's medical conditions more than ten years prior to the incident at issue in this action (*e.g.*, before 2013) may contain relevant information, under the circumstances, that information is likely to have marginal (if any) relevance to Plaintiff's claims and Defendant's defenses, and separately, is disproportional to the needs of the case, particularly given Plaintiff's nonobjection to Defendant seeking additional discovery outside of the 10-year period if records returned by the subpoenaed medical providers reflect relevant, preexisting medical conditions.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's third-party subpoenas shall be limited to documents related to the body parts and medical conditions agreed-to by the parties (*see* Doc. 48 at 2) and dated or

---

[1] In a case such as this predicated solely on diversity jurisdiction, the state law of privilege applies (*see Lite On It Corp. v. Toshiba Corp.*, No. CV 07-04758-SGL(AJWx), 2009 WL 10669760, at *3 (C.D. Cal. Mar. 4, 2009) (citing Weinstein's Fed. Evid. § 501.02[2][b] at 501-11); *see also* Fed. R. Evid. 501), and, thus, the Court has considered the relevant balancing test set forth in *Pioneer Elec. (USA), Inc. v. Super. Ct.*, 40 Cal.4th 360, 370 (2007).

created on or after January 1, 2013; and

2. If records produced in response to Defendant's third-party subpoenas reflect the possible existence of any relevant medical condition prior to January 1, 2013, Plaintiff shall, upon Defendant's initiation of meet and confer efforts, either agree to any reasonable request by Defendant to seek additional, related discovery, or, if no reasonable agreement is made, request the Court to convene for further informal discovery dispute conference.

IT IS SO ORDERED.

Dated:    **May 19, 2026**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE