UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARRISSE HENDERSON,

        Plaintiff,

    v.

LAZAR FREIGHT, LLC, *et al*.,

        Defendants.

Case No.  1:25-cv-01316-JLT-CDB

ORDER GRANTING DEFENDANT LAZAR FREIGHT, LLC'S CONSTRUED MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT A CROSSCLAIM AGAINST VOLKSWAGEN GROUP OF AMERICA, INC.

(Doc. 26)

Pending before the Court is the motion of Defendant Lazar Freight, LLC ("Lazar") for leave to file a third-party complaint against Volkswagen Group of America, Inc. ("Volkswagen").[1] (Doc. 26).  Due to circumstances arising in this litigation following Lazar's filing of its motion and without objection of counsel, further described *infra*, the Court construes Lazar's motion as a motion for leave to amend its answer to assert a crossclaim against Volkswagen.  Plaintiff Parrisse Henderson ("Plaintiff") filed an opposition to the motion on March 3, 2026, and Lazar filed a reply on March 13, 2026.  (Docs. 28, 31).  On March 24, 2026, the Court deemed the motion suitable for disposition without hearing or oral argument and vacated the motion hearing set for March 30, 2026.  (Doc. 32) (citing Local Rule 230(g)).  For the reasons set forth herein, the Court will grant

---

[1] On February 5, 2026, Volkswagen was dismissed as a Defendant with prejudice pursuant to a stipulation of dismissal filed by Plaintiff and Volkswagen.  (Docs. 24, 25).

1

Lazar's construed motion for leave to amend its answer to assert a crossclaim against Volkswagen.

## I.   <u>Relevant Background</u>

Plaintiff initiated this action in state court with the filing of a complaint on May 19, 2025, and a first amended complaint ("FAC") on May 30, 2025, against Defendants Michael D. Smothers,[2] Lazar, Volkswagen, and US Kymo, Inc. ("Kymo") (collectively, "Defendants") before Lazar removed the case to this Court on October 3, 2025.  (Doc. 1).  On October 9, 2025, Lazar filed an amended notice of removal.  (Doc. 4).

In the FAC, Plaintiff asserts causes of action for motor vehicle negligence, general negligence, and products liability.  (Doc. 1 at 2, 10-13).  Plaintiff seeks damages arising from a motor vehicle accident on June 7, 2023, alleging that Plaintiff's vehicle, manufactured by Volkswagen, malfunctioned and stalled on the highway leading to a rear-end collision by Defendant Smothers who was operating a vehicle owned by Lazar while working in the course and scope of his employment for Lazar.  *Id.* at 2 ¶ 4; *see id.* at 12.

On October 13, 2025, Lazar filed an answer to Plaintiff's operative pleading.  (Doc. 8).  Lazar asserts 24 affirmative defenses, such as: Plaintiff's failure to exercise ordinary care ("Fifth Affirmative Defense"); intervening cause ("Eighth Affirmative Defense"); causes beyond Defendant Lazar's control ("Ninth Affirmative Defense"); third parties' comparative fault ("Eleventh Affirmative Defense"); apportionment of liability ("Thirteenth Affirmative Defense"); and Proposition 51 – no joint and several liability ("Twenty-First Affirmative Defense").  *Id.* at 4-9).

Plaintiff filed a jury demand on November 3, 2025.  (Doc. 12).  The Court entered the operative scheduling order on January 21, 2026, setting forth discovery, motion and pretrial and trial dates and deadlines.  (Doc. 19).

---

[2] On February 3, 2026, Plaintiff filed a notice of suggestion of death upon the record as to Defendant Michael D. Smothers.  (Doc. 23).  The deadline for Plaintiff to file any motion for substitution by the Decedent's successor or representative was May 4, 2026.  *See* Fed. R. Civ. P. 25(a).  On May 5, 2026, Plaintiff filed a renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Decedent Smothers (Doc. 43), which remains pending before the Court.

On January 26, 2026, the Clerk of the Court entered default as to Defendant Kymo.  (Doc. 22).  Plaintiff filed a motion for default judgment against Kymo on February 25, 2026.  (Doc. 27).  On March 11, 2026, non-party Sentry Insurance Company ("Sentry"), Kymo's insurer, filed a motion to intervene and set aside entry of default against Kymo.  (Doc. 29).

On May 12, 2026, the Court granted non-party Sentry's motion to intervene, set aside the entry of default as to Kymo, and terminated Plaintiff's motion for default judgment against Kymo as moot.  (Doc. 46).  Sentry was added as an intervenor-party to this action and filed its answer-in-intervention on behalf of Kymo to Plaintiff's FAC.  *See* (Doc. 47).  Intervenor-Sentry thereafter filed its third-party complaint against Third-Party Defendants Volkswagen, Audi Van Nuys, and Audi Bakersfield (collectively, "Third-Party Defendants") on May 26, 2026.  (Doc. 61).

## II.      <u>Governing Authority</u>

Federal Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a [non-party] who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Fed. R. Civ. P. 14(a)(1).

The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative."  *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."  *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988).  "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader.  It need not be shown that the third[-]party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third[-]party defendant may be liable for some or all of the defendant's liability to plaintiff."

3

*Fed. Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).  The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint.  *See Sw. Adm'rs*, 791 F.2d at 777; *One 1977 Mercedes Benz*, 708 F.2d at 452.

## III.    Discussion

Lazar seeks leave to file a third-party complaint against and to implead Volkswagen under Federal Rule of Civil Procedure 14(a), asserting that Volkswagen is or may be liable to Lazar for all or part of the claims advanced by Plaintiff against Lazar.  (Doc. 26 at 1); (Doc. 26-1 at 1).  Lazar contends that its proposed third-party complaint against Volkswagen "will consist of claims for equitable indemnity, contribution, and apportionment of fault, which are precisely the type of derivative liability claims contemplated by Rule 14."  (Doc. 26-1 at 1) (citing *One 1977 Mercedes Benz*, 708 F.2d at 452).  Lazar argues its motion is timely under the scheduling order, that Lazar acted diligently, and that granting leave will not prejudice any party and will promote judicial economy.  *Id.* at 2.  Lazar contends that Plaintiff's original products-liability claims against Volkswagen alleged that the defects in the Audi E-Tron (the "subject vehicle") "caused it to become disabled in a live freeway lane, creating the hazard that led to the collision and Plaintiff's alleged injuries."  *Id.* at 5.

Plaintiff contends the Court should deny Lazar's motion because Lazar's proposed third-party complaint asserts independent products liability claims, not derivative liability claims under Rule 14, such that allowing impleader would "substantially complicate the litigation, prejudice Plaintiff, and undermine Plaintiff's voluntary dismissal of Volkswagen."  (Doc. 28 at 8).

In reply, Lazar asserts that its third-party complaint properly asserts derivative claims under Rule 14(a)(1) as claims for equitable indemnity, contribution, and declaratory relief arise out of the subject incident asserted in Plaintiff's FAC.  (Doc. 31 at 1).  Lazar also contends that Plaintiff's unilateral dismissal of Volkswagen was procedurally improper.  *Id.* at 6.

In Lazar's proposed third-party complaint, Lazar asserts three causes of action against Volkswagen: (1) equitable/implied indemnity ("Count One"); (2) contribution/apportionment of fault ("Count Two"); and (3) declaratory relief ("Count Three").  (Doc. 26-2 at 7-9).  Lazar alleges that Volkswagen is "tortiously responsible" and is liable to Lazar in full or in part because the

subject incident of Plaintiff's complaint occurred due to Volkswagen's defective design, manufacture, inadequate warning, or negligent repair or maintenance of Plaintiff's vehicle. *Id.* at 7. Lazar alleges that if it is held liable for any alleged wrongdoings with respect to Plaintiff's allegations, the acts and/or omissions of Lazar "were passive and secondary, while those of" Volkswagen "were active, primary and superseding [Lazar]." *Id.*

In determining whether to exercise its discretion to permit impleader here, the Court considers the derivativeness of Lazar's proposed claims against Volkswagen in the context of Plaintiff's claims against Lazar, then considers whether impleader would promote judicial efficiency, and finally, considers the timeliness of Lazar's motion.

### A.   Whether Lazar's Proposed Claims Derive from Plaintiff's Claims Against Them

Lazar's proposed indemnity, contribution, and declaratory relief claims are derivative of and dependent on Plaintiff's original claims against Lazar. In the FAC, Plaintiff alleges that he was injured when his vehicle, manufactured by Volkswagen, malfunctioned, stalled on the highway, and was hit in a rear-end collision by Defendant Smothers who was operating a vehicle owned by Lazar while working in the course and scope of his employment for Lazar. (Doc. 1 at 2 ¶ 4, 12). Based on these allegations, Plaintiff asserted claims against each Defendant for general negligence. *See id.* at 12 ("Defendants' negligence, and each of them, was a substantial factor in causing the injuries and damages herein alleged. As a direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff [sustained damages]."). In the proposed third-party complaint, Lazar seeks to bring indemnity and contribution-related claims against Volkswagen, alleging that Volkswagen's defective design, manufacture, inadequate warning, or negligent repair or maintenance of Plaintiff's vehicle was the primary or superseding cause of the subject accident and of Plaintiff's injuries. (Doc. 26-2 at 7).

Because Plaintiff's allegations indiscriminately indicate that his injuries were caused by the negligence of all Defendants, including of Lazar and of Volkswagen before it was dismissed as a party, and Lazar's proposed third-party complaint asserts that Volkswagen was the primary, superseding, or active cause of the accident which resulted in Plaintiff's injuries, it is clear that

5

Lazar's third-party claims against Volkswagen are "dependent on the outcome of the main claim [of negligence] and that [Lazar's] third-party liability is secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d at 452. Lazar's indemnity- and contribution-related claims against Volkswagen may properly be brought pursuant to Rule 14(a)(1). *See, e.g.*, *King v. Costco Wholesale Corp.*, No.: 20-cv-01935-H-BLM, 2021 WL 778621, at *3 (S.D. Cal. Mar. 1, 2021) (finding third-party claim for equitable indemnity may properly be brought under Rule 14(a)(1)).

### B.    Whether Impleader Would Promote Judicial Efficiency

Allowing Lazar's third-party claims against Volkswagen to proceed in this action would promote judicial efficiency by eliminating the necessity for Lazar to bring a separate action against Volkswagen. *Sw. Adm'rs, Inc.*, 791 F.2d at 777; *Loube*, 134 F.R.D. at 272. Therefore, this factor weighs in favor of granting Lazar's motion for leave to file a third-party complaint. *See, e.g.*, *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *3 (N.D. Cal. Sept. 18, 2013) (granting leave to file third-party complaint where indemnification issues presented by impleader "stem[med] directly from the central breach of contract issues" in the underlying action).

### C.    Timeliness of the Motion to Implead

"Rule 14(a) contemplates adding a third-party defendant within 14 days after serving the original answer." *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 989 (D. Ariz. 2013) (citing Fed. R. Civ. P. 14(a)(1)).

Lazar contends that its motion is timely and procedurally proper as it sought leave to amend its pleadings well before the March 23, 2026, deadline of the operative scheduling order, and discovery has not meaningfully progressed in this case. (Doc. 26-1 at 5). Lazar contends that good cause exists because it "acted diligently and sought to proceed by crossclaim until Plaintiff's dismissal of Volkswagen necessitated third-party practice." *Id.*

Here, because Lazar's motion for leave to file a third-party complaint was filed over a month before the March 23, 2026, deadline to amend pleadings, and less than two weeks following Plaintiff's dismissal of Volkswagen on February 5, 2026 (*see* Doc. 25), the Court does not find that any undue delay or prejudice would result if Lazar's motion is granted. Therefore, the Court finds

6

that this factor weighs in favor of granting Lazar's motion. *See Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14cv1092 JM (KSC), 2015 WL 859448, at *7 (S.D. Cal. Feb. 27, 2015); *cf. Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader), *with Clarke v. Public Employee Union Local 1*, No. 16-cv-04954-JSC, 2017 WL 550231, at *3 (N.D. Cal. Feb. 10, 2017) (noting that courts in the Northern District have found lapses of time between three and six months after filing an answer to be timely).

*   *   *   *   *

In sum, the Court finds that the factors weigh in favor of allowing Lazar to file its third-party complaint against Volkswagen. However, because Volkswagen's re-appearance in this action as a Third-Party Defendant is pending with Intervenor-Sentry's filing of a third-party complaint against it (*see* Docs. 61, 62), the Court construes Lazar's motion to file a third-party complaint against Volkswagen as a motion for leave to amend its answer to assert a crossclaim against Volkswagen under Federal Rule of Civil Procedure 13(g). *See* Fed. R. Civ. P. 13(g). Because Lazar's proposed claims against Volkswagen "arises out of the [same] transaction or occurrence that is the subject matter of the original action" and "include[s] a claim that [Volkswagen] is or may be liable to [Lazar] for all or part of a claim asserted in the action against [Lazar,]" *see id.*, the Court finds it proper to grant Lazar's construed motion for leave to amend its answer to assert a crossclaim against Volkswagen.[3]

## IV.    Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Lazar Freight, LLC's construed motion for leave to amend its answer to assert a crossclaim against Volkswagen Group of America, Inc. (Doc. 26) is GRANTED; and

---

[3] Indeed, at the mid-discovery status conference held on May 26, 2026, before the undersigned, the counsel for the parties agreed that given Intervenor-Sentry's third-party complaint re-names Volkswagen in this action, Lazar's motion for leave to file a third-party complaint against Volkswagen could properly be construed as a motion for leave to amend Lazar's answer to assert a crossclaim against Volkswagen pursuant to Rule 13(g), and the parties have no objection to the Court's granting thereof. *See* (Doc. 60).

7

2.  **Within 14 days** of the re-appearance of Volkswagen Group of America, Inc., Defendant Lazar Freight, LLC SHALL FILE any amended answer asserting any crossclaim against Volkswagen Group of America, Inc. (*see* Doc. 26-2) consistent with this order.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE