UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISSE HENDERSON,<br>Plaintiff,<br>v.<br>LAZAR FREIGHT, LLC, *et al.*,<br>Defendants. | Case No. 1:25-cv-01316-KES-CDB<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT MICHAEL D. SMOTHERS SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT PURSUANT TO FED. R. CIV. P 4(m)<br><br>(Doc. 1)<br><br>**Deadline – July 28, 2026** |

**Relevant Background**

Plaintiff Parrisse Henderson ("Plaintiff") initiated this action in state court with the filing of a complaint on May 19, 2025, and a first amended complaint ("FAC") on May 30, 2025, against Defendants Michael D. Smothers ("Smothers" or "Decedent"),[1] Lazar Freight, LLC ("Lazar"),

[1] On February 3, 2026, Plaintiff filed a notice of suggestion of death upon the record as to Defendant Smothers. (Doc. 23). The deadline for Plaintiff to file any motion for substitution by the Decedent's successor or representative was May 4, 2026. *See* Fed. R. Civ. P. 25(a). On May 5, 2026, Plaintiff filed a renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Decedent Smothers. (Doc. 43). On June 22, 2026, Plaintiff filed a renewed motion to substitute the Estate of Michael D. Smothers as a Defendant in place of Decedent Smothers. (Doc. 69). Plaintiff's motions are fully briefed (Docs. 49, 64, 72, 75) and are pending resolution by the Court.

Volkswagen Group of America, Inc. ("Volkswagen"),[2] and US Kymo, Inc. ("Kymo")[3] (collectively, "Defendants") before Lazar removed the case to this Court on October 3, 2025. (Doc. 1). In Lazar's notice and amended notice of removal, Lazar asserts that "Michael D. Smothers is deceased and has therefore not been served" and that "all served Defendants in the State Court Action consent to removal." *Id.* ¶¶ 22, 24; (Doc. 4 ¶¶ 22, 24). The notices of removal are signed by counsel for Lazar. (Doc. 1 at 5); (Doc. 4 at 5). On October 13, 2025, Lazar filed an answer to Plaintiff's FAC. (Doc. 8).

Based on its review of the docket and the absence of any summons returned executed or proof of service either in the state court proceedings or in this Court, Defendant Smothers has not been served with summons and complaint and has not filed a responsive pleading.

**Discussion**

On October 6, 2025, the Court entered an order setting a mandatory scheduling conference for January 21, 2026. (Doc. 2). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service … so the Court has a record of service." *Id.* at 1. The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

Notwithstanding the Court's order, to date, Plaintiff has not filed proof of service as to Defendant Smothers. Lazar's notices of removal and the attached filings therein reflect that Plaintiff did not serve Defendant Smothers in the state court proceedings. *See* (Doc. 1 at 14) (acknowledgement of receipt of summons and complaint by counsel for Lazar). Defendant

[2] On February 5, 2026, Volkswagen was dismissed as a Defendant with prejudice pursuant to a stipulation of dismissal filed by Plaintiff and Volkswagen. (Docs. 24, 25). After the Court granted non-party Sentry Insurance Company's ("Sentry") motion to intervene (Doc. 46), Sentry was added as an intervenor-party to this action, and Intervenor-Sentry thereafter filed its third-party complaint against Third-Party Defendants Volkswagen, Audi Van Nuys, and Audi Bakersfield (collectively, "Third-Party Defendants") on May 26, 2026. (Doc. 61). After obtaining leave of court (Doc. 63), on June 17, 2026, Lazar filed an amended answer and asserted a crossclaim against Volkswagen. (Doc. 67). On July 2, 2026, Volkswagen filed its motion to dismiss the third-party complaint and cross-claim, which remains pending before the Court. (Doc. 73).

[3] On January 26, 2026, the Clerk of the Court entered default as to Kymo. (Doc. 22). On May 12, 2026, the Court set aside the entry of default as to Kymo (Doc. 46), and Sentry filed its answer-in-intervention on behalf of Kymo to Plaintiff's FAC. (Doc. 47).

Smothers did not appear in the state court action and has not appeared in this action subsequent to removal, no counsel has appeared on behalf of Defendant Smothers, and no pleadings or filings have been made by or on behalf of Defendant Smothers in this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, because Plaintiff has not filed proof of service as to Defendant Smothers and Smothers has not filed a responsive pleading or otherwise appeared, and because the 90-day deadline to serve Defendant Smothers has passed under Rule 4(m), the Court is required to dismiss him unless Plaintiff demonstrates good cause to grant an extension of the service deadline. Accordingly, the Court will order Plaintiff to show cause in writing why Defendant Smothers should not be dismissed for Plaintiff's failure to timely effect service under Rule 4(m).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that **no later than July 28, 2026**, Plaintiff shall show cause in writing why Defendant Smothers should not be dismissed for Plaintiff's failure to properly serve the summons and complaint in compliance with Fed. R. Civ. P. 4.

IT IS SO ORDERED.

Dated: **July 22, 2026**

UNITED STATES MAGISTRATE JUDGE