UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISSE HENDERSON,<br>Plaintiff,<br>v.<br>LAZAR FREIGHT, LLC, *et al.*,<br>Defendants. | Case No. 1:25-cv-01316-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS (1) TO DISMISS DEFENDANT MICHAEL D. SMOTHERS AS AN IMPROPER PARTY AND PURSUANT TO FED. R. CIV. P. 4(m), AND (2) TO DENY PLAINTIFF'S RENEWED MOTION TO SUBSTITUTE THE ESTATE OF MICHAEL D. SMOTHERS AS A DEFENDANT<br><br>(Docs. 43, 69)<br><br>**14-DAY OBJECTION PERIOD** |

Pending before the undersigned is the renewed motion of Plaintiff Parrisse Henderson ("Plaintiff") to substitute the Estate of Michael D. Smothers as a Defendant in place of Deceased Defendant Michael D. Smothers ("Smothers" or "Decedent"), filed on June 22, 2026. (Doc. 69). On July 2, 2026, Defendant Lazar Freight, LLC ("Lazar") and Intervenor Sentry Insurance Company ("Sentry") filed an opposition to Plaintiff's motion, and on July 10, 2026, Plaintiff filed a reply. (Docs. 72, 75). Following review of the parties' filings and pleadings made in connection with the motion, on July 22, 2026, the undersigned deemed the motion suitable for disposition without hearing and oral argument and vacated the motion hearing set for July 28, 2026. (Doc.

86) (citing Local Rule 230(g)).

## I. **Relevant Background**

Plaintiff initiated this action in state court with the filing of a complaint on May 19, 2025, and a first amended complaint ("FAC") on May 30, 2025, against Defendants Smothers, Lazar Freight, LLC ("Lazar"), Volkswagen Group of America, Inc. ("Volkswagen"),[1] and US Kymo, Inc. ("Kymo")[2] (collectively, "Defendants") before Lazar removed the case to this Court on October 3, 2025. (Doc. 1). In the FAC, Plaintiff asserts causes of action for motor vehicle negligence, general negligence, and products liability. (Doc. 1 at 2, 10-13). Plaintiff seeks damages arising from a motor vehicle accident on June 7, 2023, alleging that Plaintiff's vehicle, manufactured by Volkswagen, malfunctioned and stalled on the highway leading to a rear-end collision by Smothers who was operating a vehicle owned by Lazar and Kymo while working in the course and scope of his employment for Lazar and Kymo. *Id*. at 2 ¶ 4; *see id*. at 12.

On February 3, 2026, Plaintiff filed a notice of suggestion of death upon the record as to Defendant Smothers. (Doc. 23). Counsel for Plaintiff represented that "[t]o the best of [his] knowledge, … Smothers died on September 13, 2024" during "the pendency of this action." *Id.* at 1. The deadline for Plaintiff to file any motion for substitution by the Decedent's successor or representative was May 4, 2026. *See* Fed. R. Civ. P. 25(a).

On May 4, 2026, Plaintiff filed a motion for 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as Defendant in place of Smothers. (Doc. 41). The Court denied the motion without prejudice for Plaintiff's failure to

---

[1] On February 5, 2026, Volkswagen was dismissed as a Defendant pursuant to a stipulation of dismissal filed by Plaintiff and Volkswagen. (Docs. 24, 25). After the Court granted non-party Sentry's motion to intervene (Doc. 46), Intervenor Sentry filed its third-party complaint against Third-Party Defendants Volkswagen, Audi Van Nuys, and Audi Bakersfield (collectively, "Third-Party Defendants") on May 26, 2026. (Doc. 61). After obtaining leave of court (Doc. 63), on June 17, 2026, Lazar filed an amended answer and asserted a crossclaim against Volkswagen. (Doc. 67). On July 2, 2026, Volkswagen filed its motion to dismiss the third-party complaint and cross-claim, which remains pending briefing and resolution by the Court. (Doc. 73).

[2] On January 26, 2026, the Clerk of the Court entered default as to Kymo. (Doc. 22). On May 12, 2026, the Court set aside the entry of default as to Kymo (Doc. 46), and Sentry filed its answer-in-intervention to Plaintiff's FAC on behalf of Kymo. (Doc. 47).

comply with the scheduling order's meet-and-confer certification requirement. (Docs. 41, 42). On May 5, 2026, Plaintiff filed a renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Smothers. (Doc. 43).

After the instant motion to substitute was fully briefed, on July 22, 2026, the Court ordered Plaintiff to show cause in writing why Defendant Smothers should not be dismissed for Plaintiff's failure to effect service of process within the 90 days provided under Fed. R. Civ. P. 4(m). (Doc. 85). Plaintiff responded to the show cause order on July 28, 2026. (Doc. 90).

## II. <u>Governing Authority</u>

Federal Rule of Civil Procedure 25(a)(1) governs substitution of a deceased party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). When evaluating a Rule 25 motion to substitute, a court must consider whether: "(1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who … would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The first step is the formal suggestion of the death of the party upon the record; the second step is service of other parties and nonparty successors or representatives of the deceased with a statement of death. *Id.*

"A party may be served the suggestion of death by service on his or her attorney [] while non-party successors or representatives of the deceased party must be served the suggestion of

death in the manner provided by Rule 4 for the service of a summons." *Baker v. Cnty. of Alameda*, No. 23-CV-03041 NC, 2025 WL 636986, at *1 (N.D. Cal. Feb. 27, 2025) (citing Fed. R. Civ. P. 5(b), 25(a)(3); *Barlow,* 39 F.3d at 232-234). Pursuant to Rule 25, the motion to substitute must also be served on non-parties in compliance with Rule 4. *See* Fed. R. Civ. P. 25(a)(3).

"While Rule 25 provides the procedure for substitution of a 'proper party,' '[t]he question of who is a proper party is a substantive issue, for which we must rely upon state law.'" *Fox v. Cnty. of Tulare*, No. 1:11-cv-00520-AWI-SMS, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5, 2014) (quoting *In re Baycol Products Litig.*, 616 F.3d at 787–88).

Separately, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant unless the Court exercises its discretion to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991).

## III. <u>Parties' Contentions</u>

Plaintiff moves for an order substituting the "Estate of Michael D. Smothers, Deceased" in place of Defendant Smothers pursuant to California Code of Civil Procedure section 377.50 and California Probate Code section 550, *et seq*. (Doc. 69 at 2). Plaintiff asserts that he "recently discovered, after filing the Complaint," that Defendant Smothers passed away on September 13, 2024. Thereafter, on September 15, 2025, Plaintiff filed pursuant to California Probate Code § 9370 a claim against the Estate of Michael D. Smothers in Texas Probate Court to identify Tina Lynn, who Plaintiff believed to be Smothers's surviving spouse, although the Texas Probate Court has "yet to appoint any person, including decedent's surviving spouse, as Successor-In-Interest to decedent's estate." *Id.*; *see* (Doc. 69-1, "Ex. 1") (application for letters of dependent

administration filed in No. PR-2025-01189-A before Probate Court of Denton County, Texas). Plaintiff separately argues that substitution is proper under California Probate Code section 550 *et seq.*, which permits recovery against a nominal estate where the decedent was protected by an insurance policy. *Id.*

Defendants Lazar and Intervenor Sentry oppose Plaintiff's motion and argue that substitution is not authorized here under Federal Rule of Civil Procedure 25 or California Probate Code sections 550 through 555. (Doc. 72 at 1). Lazar and Sentry contend Plaintiff fails to identify any applicable liability insurance policy, insurer, policy provisions, or other competent evidence demonstrating that Smothers was protected by insurance for the claims asserted in this action and that Plaintiff fails to establish that recovery is limited to available insurance proceeds pursuant to California Probate Code section 550. *Id.* at 2. Lazar and Sentry further argue that Plaintiff fails to establish that the proposed nominal estate is an eligible party to be substituted under Rule 25, as Plaintiff acknowledges "that no personal representative or successor in interest has been appointed in the pending Texas probate proceeding" and "cites no authority establishing that substitution is proper under these circumstances." *Id.*

In reply, Plaintiff maintains that his entitlement to relief is "plainly provided by statute" under section 377.50 and Probate Code sections 550 through 552, which authorize continuing an action against the decedent's nominal estate "to reach applicable insurance, without joining a personal representative or successor-in-interest." *Id.* (Doc. 75 at 3).

**IV. <u>Discussion</u>**

The Court looks to California state law to determine whether the proposed party to be substituted (an estate not yet established by order of any court) properly may be substituted under the facts and circumstances in this case.[3] In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). If an injury giving rise to liability occurs before the death of the

[3] Although not addressed by the parties in their briefing, California state law applies because California is the forum state and Plaintiff's claims are governed by California state law. *See Fox*, 2014 WL 897040, at *6; *e.g.*, *Tajran v. Estate of McDonald*, No. 19-cv-1290-BAS-KSC, 2020 WL 256209, at *6 & n.7 (S.D. Cal. Jan. 17, 2020).

decedent, then the claim survives to the decedent's estate. *See* Cal. Civ. Proc. Code § 377.30.

**A. Governing Authority**

The Ninth Circuit has instructed that a "party cannot maintain a suit on behalf of, *or against, or join*, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020) (emphasis added). Further, "[a]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." *Id.* at 956 (citing 34 C.J.S. Executors and Administrators § 847); *Tajran*, 2020 WL 256209, at *6 ("[A nominal estate defendant is] not really a party because it is not a legal entity.") (citing *Meleski v. Estate of Albert Hotlen*, 29 Cal. App. 5th 616, 624 (2018)); *Meleski*, 29 Cal. App. 5th at 624 ("The 'estate' of a decedent is … merely a name to indicate the sum total of the assets and liabilities of a decedent.") (citation omitted).

However, in California, "[a]n action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate as provided in Chapter 1 (commencing with Section 550) … of the Probate Code." Cal. Civ. Proc. § 377.50. Under section 550, "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate *without the need to join as a party the decedent's personal representative or successor in interest*." Cal. Prob. Code § 550(a) (emphasis added). The "action … shall name as the defendant, 'Estate of (name of decedent), Deceased.'" Cal. Prob. Code § 552(a). Section 552(a) further provides that "[s]ummons shall be served on a person designated in writing by the insurer or, if none, on the insurer. Further proceedings shall be in the name of the estate, but otherwise shall be conducted in the same manner as if the action were against the personal representative." Cal. Prob. Code § 552(a). A properly served insurer of a decedent "may deny or otherwise contest its liability" in the action. Cal. Prob. Code § 553. Section 554 provides that "either the damages sought in an action under this [statute] shall be within the limits and coverage of the insurance, or recovery of damages outside the limits or coverage of the insurance shall be waived." Cal. Prob. Code §

554(a). "A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against the property in the estate." *Id.* A plaintiff may seek damages in excess of the insurance coverage policy only if "[t]he personal representative is joined as a party to the action" and the plaintiff "files a claim in compliance with Section 9390." *Id.* § 554(b);

Therefore, pursuant to Cal. Prob. Code § 550 *et seq*., a party may bring a cause of action against a nominal estate defendant to recover under and within a decedent's insurance policy. *See Tajran*, 2020 WL 256209, at *6.

**B. Smothers is an Improper Party and Must Be Dismissed**

In Plaintiff's original complaint and the operative FAC, Plaintiff names Smothers as a Defendant. *See* (Doc. 1-1). As Plaintiff represented in the notice of suggestion of death, Smothers died on September 13, 2024 (Doc. 23 at 1)—eight months before Plaintiff initiated this action in state court on May 19, 2025. (Doc. 1 ¶ 1). Therefore, Plaintiff improperly named and joined Smothers as a defendant because he "was already deceased at the time [Plaintiff] commenced this action." *Hastings v. Price*, No. 2:23-cv-09684-ODW (AGRx), 2024 WL 4843950, at *2-3 (C.D. Cal. Nov. 20, 2024); *see LN Mgmt., LLC*, 957 F.3d at 955 ("[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit."). Nor does Plaintiff identify any authority that would permit him to substitute a nominal estate for an improperly sued deceased party over whom the Court lacks personal jurisdiction. *See id*. at *3. Indeed, the closest authorities are too the contrary. *See LN Mgmt., LLC*, 957 F.3d at 955; *see also Hastings*, 2024 WL 4843950, at *3 ("Hastings may not substitute another party to cure this deficiency" in naming at the outset an individual "who was already deceased at the time Hastings commenced this action[.]"); *Lacy v. Tyson*, No. 1:07-cv-00381-LJO-GSA-PC, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012) ("Based on the evidence received by the court indicating that defendant R. Reyna died on June 10, 2006, prior to the commencement of this action on March 9, 2007, the Court finds that defendant R. Reyna's estate may not be substituted as a party to this action under Rule 25(a)") (citing cases), *F&R adopted by* 2012 WL 5421230 (Nov. 5, 2012).

Accordingly, because he was deceased long before Plaintiff named him as an individual

defendant in this action, the undersigned will recommend that Defendant Smothers be dismissed from this action as an improper party.

**C. Smothers Was Not Properly Served and Must Be Dismissed**

Even were the Court permitted to overlook that Plaintiff seeks to substitute a party in place of an improperly joined (deceased) defendant, dismissal of Smothers is warranted because Plaintiff never served him with summons and complaint and Plaintiff cannot demonstrate good cause to extend the deadline under Rule 4(m) to effect service of process.

Plaintiff commenced this action in state court in May 2025. Plaintiff's original and amended complaints named Smothers as a defendant, even though Smothers already had deceased (in or about September 2024) prior to Plaintiff's commencement of the action. *See* (Doc. 23). On September 15, 2025, Plaintiff filed an application for Letters of Administration in the probate court of Denton County, Texas, against the "Estate of Michael D. Smothers." (Doc. 69 at 11, Declaration of Zarif Kazi, ¶ 4 and Exhibit 1).

Here, Plaintiff was aware that Smothers was deceased before the action was removed to this Court on October 3, 2025. The 90-day deadline under Rule 4(m) to serve Smothers expired long ago and, not surprisingly, Plaintiff has not effected service of process. Nor does Plaintiff demonstrate good cause for this failure or to warrant the Court's provision of additional time to comply with Rule 4. Thus, Plaintiff concedes that despite becoming aware of Smothers' passing no later than September 2025, to date – some ten months later – all of "Plaintiff's attempts to identify the Decedent's personal representative or successor in interest have been unsuccessful." (Doc. 90 at ¶ 8). There is no reason to anticipate service could be effected in the future given that Smothers is deceased, Plaintiff has been unable to identify a successor-in-interest or other suitable representative, and no estate has yet been established.

Because Plaintiff cannot demonstrate good cause for her failure to properly serve Smothers and it is not likely service could be effected in the future, the undersigned will recommend that the Court decline to exercise its discretion to grant Plaintiff additional time to serve Smothers. *See In re Sheehan*, 253 F.3d at 512-13; *Boudette*, 923 F.2d at 755-56.

///

**D. The Estate May Not Be Substituted Under Probate Code Section 550**

Even were the Court permitted to overlook that Plaintiff seeks to substitute a party in place of an improperly joined and never-served deceased defendant, the undersigned finds that Plaintiff fails to meet the requirements under the applicable statutory scheme to substitute-in the nominal estate[4] in place of Defendant Smothers.

"The California Supreme Court has held that establishing proof of insurance coverage is essential to recovery under [section] 550." *Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008); *see Escobedo v. Estate of Snider*, 14 Cal 4th 1214, 1228 (1997) (finding plaintiff failed to meet burden under California Probate Code to prove coverage in asserting a claim under § 552). Accord, *Hanline v. Cnty. of Ventura*, No. CV 15-8808-VAP (AJWx), 2016 WL 3360672, at *3 (C.D. Cal. June 8, 2016) (in granting a motion to dismiss, finding plaintiff "has not pled sufficient facts to allege that [defendant] was protected by insurance, and therefore, section 550 does not apply.").

Here, other than a conclusory representation that Plaintiff seeks "to facilitate recovery against the Decedent's insurance," (Doc. 69 at 10), Plaintiff has not shown that Smothers has insurance coverage, has not identified or provided proof of any applicable insurance policy, and has not alleged in his FAC the existence of any insurance policy of Smothers from which he seeks to recover (*see* Doc. 1-1). Because Plaintiff "has not shown" that Smothers has insurance coverage, "[Plaintiff] cannot recover damages from the [nominal] estate … under [section] 550." *Pelayo*, 570 F. Supp. 2d at 1198; *see also id.* at 1199 n.99 ("The fact that the estate has appeared does not obviate the need for [plaintiff] to prove that [the decedent] or his estate are entitled to insurance coverage.").

Construing Rule 25(a) "flexibly and liberally[,]" in any event, Plaintiff fails to show that the nominal estate "would adequately represent [Smother's] interests[,]" *Maseda*, 2021 WL 2268871, at *1, without any showing of an applicable insurance policy under section 550 to

---

[4] Plaintiff concedes that "there is currently no successor in interest with whom [he] can properly substitute in place of [Smothers] at this time" because the Texas probate court "has yet to appoint any person, including decedent's surviving spouse, as Successor-In-Interest to [Smothers's] estate[.]" (Doc. 69 at 2), and therefore seeks to name the "Estate of Michael D. Smothers, Deceased" as a nominal estate defendant pursuant to section 552(a).

warrant substitution of the nominal estate in place of Smothers.

* * * * *

Because Plaintiff improperly named Smothers (who deceased prior to the commencement of this action) as a defendant and failed to effect service of process within the time provided under Rule 4(m), Smothers is not a proper party to be substituted under Rule 25(a). Separately, because Plaintiff fails to show the nominal estate is a proper party for substitution, the undersigned will recommend that the Court dismiss Smothers as a defendant from this action and deny Plaintiff's motion for substitution of the nominal estate.

Further, because Plaintiff's motion fails on the merits in seeking the Court to substitute the nominal estate in place of Defendant Smothers, the undersigned does not reach the parties' arguments on the issue of timeliness of Plaintiff's motion to substitute. As such, the undersigned will further recommend that the Clerk of the Court be directed to terminate Plaintiff's renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Smothers (Doc. 43) as moot.

## V. Conclusion and Recommendations

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Michael D. Smothers be DISMISSED as an improper party and for Plaintiff's failure to timely effect service of process pursuant to Fed. R. Civ. P. 4;
2. Plaintiff's renewed motion to substitute the Estate of Michael D. Smothers as a Defendant in place of Defendant Michael D. Smothers (Doc. 69) be DENIED;
3. The Clerk of the Court be directed to TERMINATE Plaintiff's renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Defendant Michael D. Smothers (Doc. 43) as moot; and
4. The Clerk of the Court be directed to TERMINATE Defendant Michael D. Smothers from this action and update the docket accordingly.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served

with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE