UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARRISSE HENDERSON,

Plaintiff,

v.

LAZAR FREIGHT, LLC, *et al.*,

Defendants.

Case No. 1:25-cv-01316-KES-CDB

ORDER ON STIPULATION AMENDING SCHEDULING ORDER AS MODIFIED AND VACATING PRETRIAL CONFERENCE AND TRIAL DATES

(Docs. 19, 95)

On January 21, 2026, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 19). On May 26, 2026, the parties convened for a mid-discovery status conference before the undersigned. (Doc. 60).

**Discussion**

Pending before the Court is the parties' joint stipulated request to amend the scheduling order, filed on September 9, 2026. (Doc. 95). The parties assert good cause exists for the request to amend the scheduling order given third-party Defendants Volkswagen Group of America, Inc. ("Volkswagen"), Audi Van Nuys, and Audi Bakersfield are newly added to this action and require additional time to conduct and complete discovery. *Id.* ¶ 22. Counsel for Volkswagen declares that following the intervention of Sentry Insurance Company ("Sentry") and the addition of multiple third-party Defendants, and assertions of new claims and crossclaims, the scope of discovery in this action has expanded significantly beyond that

contemplated when the scheduling order was first entered. *Id.* at 8-9.

Based on the parties' representations, the Court finds good cause to grant the parties' stipulated request to amend case management dates consistent with the parties' request (*see* Doc. 95-1). However, given the significant extensions of the discovery, non-dispositive and dispositive motion dates and deadlines, the Court will vacate the pretrial conference and trial dates to be reset as necessary following the adjudication of dispositive motions, if any.

Further, given the significant extensions of case management dates granted to date, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

**<u>Conclusion and Order</u>**

Good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 19) is amended <u>as modified</u> as set forth below:

| **Event** | **Current Deadline** | **Amended Deadline** |
|---|---|---|
| Non-Expert Discovery | September 4, 2026 | April 5, 2027 |
| Expert Disclosure | October 2, 2026 | May 3, 2027 |
| Rebuttal Expert Disclosure | November 2, 2026 | June 15, 2027 |
| Expert Discovery | December 4, 2026 | *No change* |
| Non-Dispositive Motion Filing | January 15, 2027 | July 15, 2027 |
| Non-Dispositive Motion Hearing (CDB) | February 19, 2027, 10:30 AM | <u>August 19, 2027, 10:30 AM</u> |
| Dispositive Motion Filing | January 15, 2027 | July 15, 2027 |
| Dispositive Motion Hearing (KES) | March 15, 2027, 1:30 PM | <u>August 30, 2027, 1:30 PM</u> |
| Pretrial Conference (KES) | July 26, 2027, 1:30 PM | <u>VACATED</u> |
| Jury Trial (KES) | September 21, 2027, 8:30 AM | <u>VACATED</u> |

All other provisions of the operative scheduling order (Doc. 19) not in conflict with the modifications granted herein continue to govern and remain in effect.

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE