UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARRISSE HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LAZAR FREIGHT, LLC, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01316-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING DEFENDANT MICHAEL D. SMOTHERS AS AN IMPROPER PARTY AND FOR FAILURE TO TIMELY EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(m), AND DENYING PLAINTIFF'S RENEWED MOTION TO SUBSTITUTE THE ESTATE OF MICHAEL D. SMOTHERS AS A DEFENDANT<br><br>Docs. 43, 69, 91 |

Plaintiff Parrisse Henderson initiated this action in state court by filing a complaint on May 19, 2025, and a first amended complaint ("FAC") on May 30, 2025, against defendants Michael D. Smothers ("Smothers" or "Decedent"), Lazar Freight, LLC, Volkswagen Group of America, Inc., and US Kymo, Inc. Doc. 1. Defendant Lazar Freight removed the case to this court on October 3, 2025. Doc. 1. On June 22, 2026, Plaintiff filed a renewed motion to substitute the Estate of Michael D. Smothers as a Defendant in place of Smothers. Doc. 69.

On July 29, 2026, the assigned magistrate judge issued findings and recommendations to dismiss Smothers, finding that Smothers was an improper party as he died before Plaintiff filed the complaint and that Plaintiff failed to timely effect service of process pursuant to Federal Rule of Civil Procedure 4(m). Doc. 91. The findings and recommendations also recommended that Plaintiff's renewed motion to substitute be denied. *Id.* The findings and recommendations were served on the parties, and Plaintiff timely filed objections on August 12, 2026. Doc. 94.

Plaintiff objects to the recommendation to deny the renewed motion to substitute the

Estate of Michael D. Smothers as a defendant in place of Smothers. *Id.* Plaintiff argues that, even though no such estate exists, he may substitute a nominal estate as defendant if Smothers had insurance coverage, and that he may make the substitution without needing to show at the pleadings stage that Smothers even had any applicable insurance coverage. *Id.* at 2.

Plaintiff does not meaningfully support his argument that he may substitute a non-existent estate as a defendant without making any showing that Smothers had applicable insurance coverage. But even if this objection had merit, Plaintiff does not undermine, or even address, the magistrate judge's findings that Smothers had died prior to the commencement of this action and Plaintiff therefore impermissibly named Smothers as a defendant, and that Plaintiff failed to timely remedy this defect. Doc. 91 at 7–8. As the magistrate judge correctly found, Smothers was never a proper party in this case, and there was no basis for substitution under Rule 25(a). Doc. 91 at 7-8.

Pursuant to 28 U.S.C. § 636(b)(1), this Court performed a de novo review. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court ORDERS:

1. The findings and recommendations issued on July 29, 2026, Doc. 91, are ADOPTED in full.
2. Defendant Michael D. Smothers is DISMISSED as an improper party and for Plaintiff's failure to timely effect service of process pursuant to Fed. R. Civ. P. 4.
3. Plaintiff's renewed motion to substitute the Estate of Michael D. Smothers as a Defendant in place of Defendant Michael D. Smothers, Doc. 69, is DENIED.
4. The Clerk of the Court is directed to TERMINATE Plaintiff's renewed motion for a 90-day extension of time to substitute party, or in the alternative, to substitute the Estate of Michael D. Smothers as a Defendant in place of Defendant Michael D. Smothers, Doc. 43, as moot.

///

///

///

5. The Clerk of the Court is directed to TERMINATE Defendant Michael D. Smothers from this action and update the docket accordingly.

IT IS SO ORDERED.

Dated: September 18, 2026

UNITED STATES DISTRICT JUDGE